## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

BERKLEY ASSURANCE COMPANY,

Plaintiff,

v.

HUNT CONSTRUCTION GROUP, INC.,

Defendant.

Civil Action No. 1:19-cv-02879

**JOINT CONFIDENTIALITY AGREEMENT AND ORDER**

To limit the use of information discovered in the course of this action and to prevent the unnecessary disclosure of information deemed confidential by plaintiff Berkley Assurance Company ("Berkley") and/or defendant Hunt Construction Group, Inc. ("Hunt"), the Parties have agreed and this Court ORDERS as follows:

## I.  DEFINITIONS

The following terms shall have the following meanings in this Joint Confidentiality Agreement and Order ("Confidentiality Order"):

**A.**  "Berkley Coverage Action" or "Action" means the action captioned *Berkley Assurance Company v. Hunt Construction Group, Inc.*, Case No. 1:19-cv-02879, pending in the United States District Court for the Southern District of New York, and any future claims and/or defenses added to that action.

**B.**  "Policies" means Berkley's "Contractor's Protective, Professional, Pollution, Cyber, Media and Mitigation Response Policy" identified by Policy No. PCAB-5000928-0616, with a policy term of June 15, 2016 to July 15, 2017 and "Contractor's Protective, Professional,

Pollution, Cyber, Media and Mitigation Response Policy" identified by Policy No. PCAB-5002137-0717, with a policy term of July 15, 2017 to June 15, 2018. Where appropriate, the term "Policies" also refers to  "Contractor's Protective, Professional, Pollution, Cyber, Media and Mitigation Response Policy" identified by Policy No. PCAB-5004319-0618, with a policy term of June 15, 2018 to June 15, 2019.

**C.**     "SFS Action" means the March 30, 2017 counterclaim and third-party complaint in *South Florida Stadium LLC et al. v. Alberici Constructors, Inc.* in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida.

**D.**     "Indemnity Demand" means the May 2018 demand by South Florida Stadium LLC for contractual indemnification from Hunt pursuant to a Construction Management Agreement in connection with the SFS Action.

**E.**     "Claim" means the SFS Action and the Indemnity Demand.

**F.**     "Confidential Information" means any and all information that constitutes or contains trade secrets, competitively sensitive technical, marketing, financial, sales, underwriting or other confidential business information, information received in confidence from third parties or any other information which the Producing Party believes in good faith to be entitled to protection under Fed. R. Civ. P. 26(c)(1)(G). "Confidential Information" includes without limitation any and all information designated as confidential and/or otherwise subject to confidentiality protection in connection with the Claim. "Confidential Information" also includes, without limitation: (i) communications exchanged between Plaintiff and/or Plaintiff's Counsel, including without limitation its Defense Counsel, in relation to the Claim, on the one hand, and Berkley and/or its Counsel, on the other hand, relating to the defense and/or settlement of the claims asserted against Hunt or other insureds in the Claim; (ii) invoices documenting the

2

legal fees and costs incurred by Hunt and other insureds in connection with their defense of the Claim; and (iii) any underwriting documents or communications generated and/or transmitted by Hunt, Berkley and/or either's agents, representatives, affiliates, parents and/or subsidiaries in connection with the negotiation and underwriting of the Policies or any other policy.

G.     "Counsel" means an employed or retained attorney and/or law firm for a Party in the Berkley Coverage Action and includes any such attorney's and/or firm's support staff.

H.     "Defense Counsel" means an employed or retained attorney and/or law firm for Hunt or any other insured in relation to the Claim.

I.     "Documents" means any and all material in the broadest sense contemplated by Fed. R. Civ. P. 34(a)(1)(A).

J.     "Expert" means a person with special experience or training retained by Counsel or a Party to provide discovery services, consultation or expert testimony relating to the Berkley Coverage Action, including any and all trials and appeals, and who has signed a copy of the Acknowledgement and Agreement ("Acknowledgement") in the form attached as Exhibit A to this Confidentiality Order.

K.     "Party" and "Parties" mean Berkley and Hunt and any person or organization hereafter added or joined as a named party to the Berkley Coverage Action.

L.     "Producing Party" means any Party or Third Party providing testimony, producing information or Documents, making Documents available for inspection, or otherwise disclosing information in connection with the Berkley Coverage Action.

M.     "Receiving Party" means any Party receiving information or Documents, inspecting Documents, or hearing testimony in connection with the Berkley Coverage Action.

N.     "Third Party" means a person or entity not a Party as defined in this

A002.009/223116.2

Confidentiality Order.

## II.    GOOD CAUSE FOR ENTRY OF PROTECTIVE ORDER

Each Party represents that the Documents and information it expects to request and/or produce in discovery likely includes Confidential Information, including without limitation proprietary, non-public information relating to (i) the business operations of the Parties and/or their parents, affiliates and/or subsidiaries; (ii) the development and marketing of products or services; (iii) the defense and settlement of the claims against Hunt or other insureds in the Claim; (iv) the costs incurred by Hunt and other insureds in connection with the defense of the Claim, including without limitation invoices pertaining to the tasks performed by Hunt or other insureds' Defense Counsel and the fees and costs associated therewith; and (v) the negotiation and underwriting of the Policies or any other policy.  Each Party represents it will suffer injury if such proprietary, non-public business and/or litigation information becomes known to its competitors and/or the public and/or an adverse litigant.

## III.    RECITALS

WHEREAS, discovery in the Berkley Coverage Action may involve the disclosure of Documents and information that constitute or contain Confidential Information; and

WHEREAS, the Parties desire to reasonably restrict the distribution of such Documents and information;

NOW, THEREFORE, the Parties agree as follows:

## IV.    AGREEMENT

### A.    Scope of Agreement

1.    This Confidentiality Order shall govern the disclosure of Confidential Information in connection with the Berkley Coverage Action. The Parties agree they will not

A002.009/223116.2

use or disseminate Confidential Information beyond the parameters established by this Confidentiality Order.

2.    This Confidentiality Order shall apply to and govern all Documents and information provided, disclosed or furnished, directly or indirectly, in connection with the Berkley Coverage Action by or on behalf of any Party or Third Party, to the extent such Party or Third Party designates such material as Confidential Information in accord with the terms of this Confidentiality Order.

**B.    Use of Confidential Information.**

1.    All Documents and information, or the contents thereof, produced by a Party or Third Party in connection with the Berkley Coverage Action and designated as containing Confidential Information shall be used or disclosed solely in connection with the prosecution or defense of the Berkley Coverage Action, and for no other purpose, in accord with the terms of this Confidentiality Order.

**C.    Manner of Designating Confidential Information**

1.    Unless otherwise agreed in writing among the Parties, the Producing Party shall designate any Confidential Information contained in Documents or information produced in the Berkley Coverage Action (including, but not limited to, written discovery responses, produced documents, depositions, testimony, and affidavits) and in Documents filed with the Court (subject to Section IV, Paragraph H of this Confidentiality Order) by stamping, marking or affixing on each page, container, physical representation, or depiction thereof, the legend "Confidential" or  "Confidential Information" consistent with the definition of that term in this Confidentiality Order.  Notwithstanding anything to contrary, the Parties agree that Documents and Confidential Information collected and produced as part of the SFS Action and subsequently

5

produced as part of the Berkley Action shall automatically be deemed confidential under this Confidentiality Order, without need for stamping, marking or labeling, to the extent such Documents or Confidential Information regard, pertain, or relate to Alberici Constructors, Inc. d/b/a Hillsdale Fabricators, Inc.

2.      The Parties can further designate as "Attorneys Eyes Only" any Confidential Information a Party believes should be disclosed only to attorneys, experts and consultants, and not to the Parties or any other individual or entity. Such Documents and/or information shall not be disclosed to anyone other than Counsel for the Receiving Party and any experts or consultants retained by Counsel for the Receiving Party. The Receiving Party may challenge any designation of documents as "Attorneys Eyes Only" in accordance with Section N below.

3.      Any Documents or information provided by a Producing Party in response to discovery requests, but not designated as Confidential Information by the Producing Party, may be designated as Confidential Information by any Receiving Party by written notification to all Parties that such Documents or information should be treated as Confidential Information in accord with the provisions of this Confidentiality Order. The Parties must treat such Documents and information as Confidential Information from the date they receive such notice. Disclosure of such Documents and information before receipt of such notice to a person not authorized to receive such hereunder shall not constitute a violation of this Confidentiality Order. The disclosing Party, however, must advise those persons to whom it made such disclosure that they thereafter must treat the Documents and information as Confidential Information in accord with the terms of this Confidentiality Order.

4.      Confidential Information revealed at a deposition upon oral examination shall be designated as Confidential Information by either: (i) specifying on the record at the deposition

6

that a Party's Confidential Information is being revealed, in which case the court reporter shall separate the portion of the deposition designated as Confidential Information from the balance of the deposition and shall mark on the cover page of the separate section the following: "Confidential Information Pursuant to Confidentiality Order"; or (ii) by giving written notice to the Parties of the transcript pages containing such Confidential Information within thirty (30) days after receiving the transcript of the deposition. All deposition testimony shall be treated as Confidential Information until the thirty-first (31st) day after all Parties receive the transcript, at which time the deposition testimony contained in said transcript will no longer be treated as Confidential Information unless a Party has designated same as Confidential Information pursuant to Section IV, Paragraph C(3) or Section IV, Paragraph E of this Confidentiality Order. The use and disclosure of such designated portions shall follow the same rules that govern the use and disclosure of all Confidential Information as described herein.

5.      The Parties agree they shall not indiscriminately mark or identify their Documents or information as Confidential Information under this Order. Rather, a Party shall designate as Confidential Information only that information and those Documents which the Party in good faith believes fall within the scope of the Confidential Information definition set forth in this Confidentiality Order.

**D.      No Admission or Waiver.**

1.      This Confidentiality Order allows a Party to designate Documents or information as Confidential Information solely to facilitate discovery in the Berkley Coverage Action. Neither such designation nor treatment in conformity with such designation shall constitute an admission or agreement by any Party that the designated Documents or information constitutes or contains any Confidential Information. A Party's inadvertent failure to designate Documents

7

or information as Confidential Information shall not constitute a waiver of any claim by a Party

that such information constitutes Confidential Information; the Party shall have a reasonable

opportunity to correct such failure after becoming aware of it as detailed below.

2.       Nothing in this Confidentiality Order is intended as or shall be construed as an

acknowledgment or concession by either Party that any of the categories of documents or

information identified herein are relevant to and/or discoverable in connection with this Action

and the Parties reserve their rights to object to any discovery demand served in this Action.

   **E.** **Inadvertent Production.**

1.       If a Party inadvertently produces or provides discovery of any Confidential

Information without labeling or marking it with the appropriate legend or properly designating it

as provided herein, then the Producing Party subsequently may give written notice to the

Receiving Party that the Document or other discovery information should be treated as

Confidential Information in accord with the terms of this Confidentiality Order. The Receiving

Party must treat such Documents and information as Confidential Information from the date it

receives such notice. Disclosure of such Documents and information before receipt of such

notice shall not violate this Confidentiality Order. The disclosing Party, however, must advise

those persons to whom it made such disclosure that they thereafter must treat the material as

Confidential Information in accord with the terms of this Confidentiality Order.

2.       When the inadvertent or mistaken disclosure of any information, document or

thing protected by privilege or work-product immunity is discovered by a Producing Party and

brought to the attention of a Receiving Party, the Receiving Party's treatment of such material

shall be in accordance with the Federal Rule of Civil Procedure 26(b)(5)(B).  Such inadvertent or

mistaken disclosure of such information, document or thing shall not by itself constitute a wavier

8

by the Producing Party of any claims of privilege or work-product immunity.  However, nothing herein restricts the right of the Receiving Party to challenge the Producing Party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

  **F.**   **Disclosure of Confidential Information.**

  Other than to court personnel and court reporters as set forth in Section IV, Paragraphs H and M hereof, a Party may disclose Confidential Information only to the following persons or entities detailed below:

  1.   The Parties, including without limitation any employee of a Party;

  2.   The Parties' parents, subsidiaries and affiliates.  This provision does not and shall not be argued to subject the Parties' parents, subsidiaries and/or affiliates to the jurisdiction of this Court.  Each Party shall bear responsibility to the other Party for any alleged breach of the terms of this Agreement by the Parties' respective parents, subsidiaries and/or affiliates.

  3.   Counsel;

  4.   Any person agreed to in writing by the Parties;

  5.   Retained independent Experts or consultants, and their support personnel whose advice and consultation a Party uses, or will use, for consultative purposes and/or in preparation for or at trial or hearing in connection with the Berkley Coverage Action;

  6.   Any mediator, arbitrator, special discovery master, or provider of alternative dispute resolution services, and their support personnel, retained by two or more Parties in connection with the Berkley Coverage Action;

  7.   Contractors, and their support personnel, retained by a Party and involved in one or more aspects of organizing, filing, duplicating, coding, converting, storing or retrieving data

A002.009/223116.2

or designing programs for handling data in connection with the Berkley Coverage Action, including the performance of such duties relating to a computerized litigation support system;

8.     Any insurer, reinsurer or retrocessionaire which may provide coverage in connection with the Claim, but solely in their capacities as such;

9.     Any auditor, governmental or regulatory authority, or other entity or person to whom a Party contractually or legally must make such a disclosure; and

10.     Anyone else to the extent necessary to comply with an order from any court, arbitration panel or tribunal, or as is necessary to comply with federal or state laws and regulations.

When any Party or its Counsel becomes aware of a motion, order, or any other request, in any other action or otherwise, for the disclosure of Confidential Information, the Counsel to the Party made aware of such motion, order or other request must place all other Parties' Counsel on notice of same within five days of being made aware of such motion, request or order.

G.     **Third Parties Must Agree to be Bound.**

Before a Party may disclose Confidential Information to the persons or organizations referred to in Section IV, Paragraphs F(4) through F(7) of this Confidentiality Order, such persons or organizations must agree to comply with this Confidentiality Order by executing the Acknowledgement attached hereto as Exhibit A. Counsel for the Party making the subject disclosure shall retain each such executed Acknowledgement so the Court can access same in the event of any dispute regarding disclosure or use of Confidential Information. Where the person to whom the subject disclosure is being made is a business entity, the Acknowledgment need only be signed by an officer or employee of that entity with authority to bind the entity and need not be signed by each individual employee who may access the Confidential Information in the course

10

of working for that business entity. By signing the Acknowledgment, such officer or employee with authority to bind the business entity acknowledges on behalf of the business entity that any use or disclosure of Confidential Information, in violation of the terms of this Confidentiality Order, by the entity's employees or other representatives shall constitute a violation by the business entity of its obligations under this Confidentiality Order.

**H.     Court Filings.**

If a Party wishes to serve or file with the Court in the Berkley Coverage Action any Document appending, containing or describing Confidential Information, then such Party shall do so only pursuant and subject to Rule 7 of the Court's Individual Rules and Practices in Civil Cases.  Nothing in this Confidentiality Order shall preclude a Party from using Confidential Information in any appeal of the Action or any aspect thereof. To the extent a Party wishes to use Confidential Information in an appellate court, it must make the appropriate application to that court to protect the confidentiality of the Confidential Information. Once such appropriate application is made, the Party may use the Confidential Information in accord with the appellate court's ruling; if the appellate court denies confidential treatment, the Party may file the subject Confidential Information publicly with the appellate court.

**I.     Additional Permissible Disclosure.**

A Party may disclose Confidential Information to any witness (including, but not limited to, Expert witnesses) who provides testimony at deposition, trial, or other hearing or proceeding in connection with the Berkley Coverage Action, so long as such disclosure is made during the course of such deposition, trial or other hearing or proceeding. With respect to any Confidential Information revealed at a deposition, trial, or other hearing or proceeding in the Berkley Coverage Action, any Party may designate as Confidential Information the relevant portion of

11

the deposition, hearing or trial transcript in accordance with the procedures set forth in Section IV, Paragraph C(3) of this Confidentiality Order.

### J.    Treatment of Confidential Information.

The recipient of any Confidential Information shall maintain such information in a secure and safe area and shall exercise at least the same standard of due and proper care with respect to storage and custody of such Confidential Information as the recipient exercises with respect to its own proprietary and confidential information, but never less than a reasonable degree of care.

### K.    Effect on Discovery.

This Confidentiality Order shall not preclude or limit any Party's right to oppose, or seek to compel, discovery on any ground otherwise available.

### L.    Depositions.

Whenever deposition testimony will discuss or disclose any Confidential Information, any Party may exclude from the deposition any person not entitled to access to such Information. Any Party may object to any other Party's exclusion of a person at a deposition, at which time the Parties shall meet and confer in an effort to resolve the dispute. If the Parties cannot resolve the matter amicably, they shall bring the matter to the Court's attention and, until the Court rules, the Confidential Information shall not be discussed or disclosed in the subject person's presence.

### M.    No Waiver of Judicial Protection.

Nothing herein shall prevent any Party from applying to the Court for judicial protection of Documents and information.

A002.009/223116.2

N.        **Motion for Relief from Designation.**

A Party need not challenge the propriety of any Confidential Information designation at the time of the designation, and a Party's failure to so challenge, at that time, shall not preclude its subsequent challenge to the designation. If any Party believes particular information designated as Confidential Information should not receive such treatment, then it may so notify the Producing Party or the Party designating the material as Confidential Information in writing and state the basis for its belief ("Notice"). Counsel shall confer within ten business days of receiving the Notice in an attempt to resolve any differences with regard thereto. If the Parties reach no resolution within the ten business days ("Impasse Date"), then Counsel for the Party challenging the designation, within ten business days of the Impasse Date, may seek a Court order in the Berkley Coverage Action denying the material treatment as Confidential Information under this Confidentiality Order. The material subject to the motion shall continue to be treated as Confidential Information pending the Court's ruling. The Producing Party or the Party designating material as Confidential Information bears the burden of demonstrating the material constitutes Confidential Information.

O.        **Exception for Public Information.**

Nothing in this Confidentiality Order shall in any way restrict the use of Documents or information lawfully obtained by, or publicly available to, a Party independently of discovery from a Party in the Action, whether or not the Party obtains the same material during the course of discovery in the Action or whether any Party has designated such Documents or information as Confidential Information.

A002.009/223116.2

**P.        No Restriction on Information Obtained Outside Discovery.**

Nothing in this Confidentiality Order shall control the use, dissemination or publication by a person of Documents or information that person obtained at any time, and through any source, other than through the discovery process in the Action.

**Q.        No Restriction on Producing Party Disclosures.**

Nothing in this Confidentiality Order shall restrict a Producing Party from disclosing to any person information or Documents that Party alone designated as Confidential Information.

**R.        Termination of Litigation and Survival of Terms.**

1.        The restrictions provided for herein shall not terminate upon the conclusion of the Berkley Coverage Action, but shall continue unless otherwise agreed by the Party designating material as Confidential Information; provided, however, that this Confidentiality Order shall not: (i) prevent any Party or its Counsel from making use of information lawfully in its possession before its disclosure by the Producing Party; (ii) apply to information which has appeared in public records or printed publications, or becomes publicly known other than as a result of disclosure by the non-producing Party, or (iii) apply to information any Party or its Counsel, after disclosure by the Producing Party, has obtained lawfully from a Third Party having the right to disclose such information.

2.        Upon termination of the Berkley Coverage Action by settlement or entry of a final, non-appealable judgment, a Receiving Party and its Counsel each shall return or destroy any and all Confidential Information and Confidential Documents received from another Party during the course of the Action. Counsel for the Receiving Party shall return or destroy all documents designated as Attorneys Eyes Only. Counsel for any Receiving Party (or the Receiving Party itself, if not represented by Counsel) shall, within forty-five (45) days of the

14

final termination of the Berkley Coverage Action, certify in writing that the Receiving Party and Counsel have complied with their destruction/return obligations under this Section. This Confidentiality Order shall survive the final termination of the Berkley Coverage Action and shall apply to the extent that information and documents subject to this Agreement do not become known to the public by means other than disclosure by the Receiving Party, its Counsel or any other person authorized to receive such information pursuant to this Confidentiality Order.

3.      Neither the termination of the Berkley Coverage Action nor the termination of employment of any person with access to any Confidential Information or Documents shall relieve any person from the obligation of maintaining both the confidentiality of and the restrictions on use of Confidential Information and Documents pursuant to this Confidentiality Order.

**S.      Application to Third Parties.**

The terms of this Confidentiality Order shall apply to any Third Party that produces to a Party in the Berkley Coverage Action Documents or information that the Third Party, or any Party, designates as Confidential Information.

**T.      Miscellaneous.**

1.      This Agreement may be executed in counterpart originals, all of which, when so executed and taken together, shall be deemed an original and all of which shall constitute one and the same instrument. Each counterpart may be delivered by facsimile or as a PDF attached to an e-mail, and a faxed or scanned signature shall have the same force and effect as an original signature.

2.      The Parties represent that Counsel executing this Agreement are authorized to execute same on behalf of their respective clients.

15

3.    This Agreement shall be construed pursuant to the laws of the State of New York without giving effect to New York's choice of law rules.

IN WITNESS WHEREOF, the Parties, by their duly authorized representatives, have caused this Agreement to be duly executed as of the date set forth with the respective signatures below:

Dated:  New York, New York
        September 5, 2019


PASICH LLP                              SUGARMAN, ROGERS, BARSHAK &
                                        COHEN, P.C.

By  /s/ Jeffrey L. Schulman            By  /s/ John O'Neill
    Jeffrey L. Schulman                    John O'Neill
    757 Third Ave., 20th Floor             101 Merrimac Street, Suite 900
    New York, NY 10017                     Boston, MA 02114
    jschulman@pasichllp.com                oneill@sugarmanrogers.com
    Tel.: (212) 686-5000                   Tel.: (617) 227-3030
                                           *Attorneys for Berkley Assurance*
            and                            *Company*

MCKOOL SMITH, P.C.


By  /s/ Robin L. Cohen
    Robin L. Cohen
    One Bryant Park, 47th Floor
    New York, NY  10036
    Tel:  (212) 402-9804
    rcohen@mckoolsmith.com

*Attorneys for Hunt Construction Group, Inc.*


**SO ORDERED:**  _____

            Hon. Jesse M. Furman, USDJ

            September 6, 2019

16

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

BERKLEY ASSURANCE COMPANY,

Plaintiff,

v.

HUNT CONSTRUCTION GROUP, INC.,

Defendant.

Civil Action No. 1:19-cv-02879

**EXHIBIT A –**
**ACKNOWLEDGEMENT OF**
**CONFIDENTIALITY**

_____ ("Receiving Party") hereby acknowledges

that Receiving Party has received a copy of the Joint Confidentiality Agreement and Order

("Confidentiality Order") filed in the United States District Court for the District of New York in

the matter captioned as *Berkley Assurance Company v. Hunt Construction Group, Inc.* Case No.

1:19-cv-02879 (the "Action"), a copy of which is annexed hereto.

Receiving Party further acknowledges that the person signing this Acknowledgment has

read the aforesaid Confidentiality Order and that Receiving Party agrees to comply with the

terms, conditions and limitations contained therein regarding the review and disclosure of

Confidential Information in the Action.

Receiving Party further understands that violation of this Confidentiality Order may

constitute contempt of court and hereby consents to the jurisdiction of this Court with regard to

any proceedings relating to this Confidentiality Order.

17

A002.009/223116.2

By: _____          Dated: _____

Provide information below, where Receiving Party is business entity:


Signed on behalf of: _____
                                     [Name of Receiving Party]


In capacity as: _____
                               [Title of Signatory]

A002.009/223116.2