

**Sugarman, Rogers, Barshak & Cohen, P.C.**

JOHN G. O'NEILL
ONEILL@SUGARMANROGERS.COM

November 12, 2019

Hon. Jesse M. Furman, U.S.D.J.
United States District Court for the
Southern District of New York
40 Foley Square
New York, NY 10007-1312

Via e-mail: Furman_NYSDChambers@nysd.uscourts.gov

> Re:  Berkley's Letter Motion to Seal Documents in Support of its Summary Judgment Motion, *Berkley Assurance Company v. Hunt Construction Group, Inc.* C.A. No. 1:19-cv-02879-JMF

Dear Judge Furman:

In accordance with the Joint Confidentiality Agreement and Order entered September 6, 2019 (Doc. No. 37) (the "Order"), and Rule 7 of the Individual Rules and Practices in Civil Cases, plaintiff Berkley Assurance Company ("Berkley") seeks leave via this letter motion to file the following documents, which are all exhibits to the enclosed Declaration of John G. O'Neill in Support of Berkley's Motion for Summary Judgment, under seal:

1. Exhibit G – defendant Hunt Construction Group, Inc. ("Hunt") application for professional liability and related insurance coverage with Berkley, which was executed by Hunt and dated May 26, 2016;

2. Exhibit H - excerpts from the transcript of the October 2, 2019 deposition of Berkley Rule 30(b)(6) designee Christian McQueen;

3. Exhibit I - November 24, 2015 letter from Alberici Constructors, Inc. d/b/a Hillsdale Fabricators ("Hillsdale") to Hunt;

4. Exhibit J – December 4, 2015 letter from Hillsdale to Hunt;

5. Exhibit K – February 1, 2016 letter from Hillsdale to Hunt;

6. Exhibit L – March 4, 2016 letter from Hillsdale to Hunt;

7. Exhibit M - Endorsement to Hunt's Contractor's Protective, Professional, Pollution, Cyber, Media and Mitigation Response insurance policy with Berkley, which extended the policy period to July 15, 2017;

8. Exhibit N – January 23, 2016 letter from Hunt to Hillsdale;

9. Exhibit Q – excerpts from the transcript of the October 30 2019 deposition of Hunt Rule 30(b)(6) designee Robert May;

10. Exhibit R – Berkley's claim notes in connection with the claim submitted by Hunt that is the subject of this action; and

11. Exhibit S – excerpts from the transcript of the October 22, 2019 deposition of Berkley Rule 30(b)(6) designee Walter Adams.

Each of these documents was either produced or generated during the course of discovery in this case and was designated by one of the parties as Confidential under the terms of the Order.

As grounds for leave, and acknowledging that a confidentiality agreement between litigants is not by itself a valid basis for leave (*see* Rule 7 citing, *In re Gen. Motors LLC Ignition Switch Litig*., (JMF), 2015 WL 4750774, at *4 (S.D.N.Y. Aug, 11. 2015)), Berkley states that from the face of the documents, it appears that each contains private business communications and/or information, including revenue and related figures. (Exhibit G is a private communication which contains sensitive business information and data concerning Hunt, including revenue; Exhibits I-L and Exhibit N form a series of private communications which contain sensitive financial data concerning construction costs; Exhibit M is a private insurance policy document; and Exhibits H, Q, and S are deposition transcripts containing testimony of sensitive business and financial information.)

While there is a presumption in favor of public access to judicial documents, that presumption is subject to a balance of interests test against the privacy interests of the parties in preventing the public disclosure of private business figures and communications. *See Louis Vuitton Malletier, S. A. v. My Other Bag, Inc.,* 156 F. Supp.3d 425 (2016). Here, the privacy interests of the parties (and non-parties) in preventing public disclosure of private business figures and communications, and the terms of the Order, support the granting of this letter motion as to Exhibits G-N and Q-S of the November 12, 2019 Declaration of John G. O'Neill.

Hunt produced some of the documents and designated the documents as confidential. Berkley requests that the Court afford counsel for Hunt an appropriate amount of time to make a submission to the Court concerning any additional reasons why Hunt believes such documents should be sealed. Hunt's counsel will receive a copy of this letter by e-mail and via ECF.

**Sugarman, Rogers, Barshak, &
Cohen, P.C.**

/s/      John G. O'Neill
John G. O'Neill
*Attorneys for Plaintiff*
*Berkley Assurance Company*

Enclosure:      Undredacted Declaration
Of John G. O'Neill

cc:      w/ enclosure:
Steven G. Adams, Esquire
Regina E. Roman, Esquire
Jeffrey L. Schulman, Esquire
Robin L. Cohen, Esquire

4852-0212-7276, v. 1

Plaintiff's motion is temporarily GRANTED.  The Court will decide whether to keep the materials under seal when deciding the underlying motion.  The Clerk of Court is directed to terminate ECF No. 71.  SO ORDERED.

November 13, 2019