
# Sugarman
# Rogers

Sugarman, Rogers, Barshak & Cohen, P.C.

JOHN G. O'NEILL
ONEILL@SUGARMANROGERS.COM

December 16, 2019

Hon. Jesse M. Furman, U.S.D.J.
United States District Court for the
Southern District of New York
40 Foley Square
New York, NY 10007-1312

Via e-mail: Furman_NYSDChambers@nysd.uscourts.gov

    Re:    Berkley's Letter Motion to Seal Documents in Support of its Summary Judgment Motion,
*Berkley Assurance Company v. Hunt Construction Group, Inc.*
C.A. No. 1:19-cv-02879-JMF

Dear Judge Furman:

    In accordance with the Joint Confidentiality Agreement and Order entered September 6, 2019 (Doc. No. 37) (the "Order"), and Rule 7 of the Individual Rules and Practices in Civil Cases, plaintiff Berkley Assurance Company ("Berkley") seeks leave via this letter motion to file the following document, which is an exhibit to the enclosed Reply Declaration of John G. O'Neill in Support of Berkley's Motion for Summary Judgment, under seal:

1. Exhibit T – email correspondence between Berkley and defendant Hunt Construction Group, Inc. ("Hunt"), dated from June 7, 2018 to March 19, 2019.

    This document was either produced or generated during the course of discovery in this case and was designated by one of the parties as Confidential under the terms of the Order.

    As grounds for leave, and acknowledging that a confidentiality agreement between litigants is not by itself a valid basis for leave (*see* Rule 7 citing, *In re Gen. Motors LLC Ignition Switch Litig.*, (JMF), 2015 WL 4750774, at *4 (S.D.N.Y. Aug, 11. 2015)), Berkley states that from the face of the document, it appears that it contains private business communications and/or information, including financial information.

    While there is a presumption in favor of public access to judicial documents, that presumption is subject to a balance of interests test against the privacy interests of the parties in preventing the public disclosure of private business figures and communications. *See Louis Vuitton Malletier, S. A. v. My Other Bag, Inc.*, 156 F. Supp.3d 425 (2016). Here, the privacy interests of the parties (and non-parties) in preventing public disclosure of private business figures and communications, and the terms of the Order,

support the granting of this letter motion as to Exhibit T of the December 16, 2019 Reply Declaration of John G. O'Neill.

      Hunt produced the document and designated the document as confidential. Berkley requests that the Court afford counsel for Hunt an appropriate amount of time to make a submission to the Court concerning any additional reasons why Hunt believes such document should be sealed. Hunt's counsel will receive a copy of this letter by e-mail and via ECF.

Sugarman, Rogers, Barshak & Cohen, P.C.

Hon. Jesse M. Furman, U.S.D.J.
December 16, 2019
Page 3

                                                    Sugarman, Rogers, Barshak, &
                                                    Cohen, P.C.

                                                    /s/     John G. O'Neill
                                                    John G. O'Neill
                                                    *Attorneys for Plaintiff*
                                                    *Berkley Assurance Company*

Enclosure:    Undredacted Reply Declaration
                     Of John G. O'Neill

cc:     w/ enclosure:
       Steven G. Adams, Esquire
       Regina E. Roman, Esquire
       Jeffrey L. Schulman, Esquire
       Robin L. Cohen, Esquire

4829-7267-6783, v. 1

The motion to seal is GRANTED temporarily. The Court will assess whether to keep the material at issue sealed or redacted when deciding the underlying motion. Hunt shall file any letter addressing the need for sealing by **December 20, 2019**. The Clerk of Court is directed to terminate ECF No. 86. SO ORDERED.

*[signature]*

December 17, 2019